UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CRIMINAL ACTION NO: 6:15-cr-00016-GFVT-EBA

UNITED STATES OF AMERICA,                        PLAINTIFF/RESPONDENT,

v.                 **REPORT AND RECOMMENDATION**

JASON A. KINDER,                                 DEFENDANT/PETITIONER.

*** *** *** *** ***

This matter is before the undersigned on Petitioner's Motion to Vacate under § 2255. [R. 25]. Petitioner requests that his sentence be vacated in light of Johnson v. United States, 135 S. Ct. 2551 (2015). Having reviewed Petitioner's Motion to Vacate in light of the recent Beckles decision, the undersigned RECOMMENDS that Petitioner's Motion to Vacate [R. 25] be DENIED.

Petitioner pleaded guilty to one count of 922(g)(1) possession of a firearm by a convicted felon. 18 U.S.C. § 922(g)(1). His guideline range was derived from 2K2.1(a)(2), which provides for a base offense level of twenty-four and requires that the defendant committed the instant offense subsequent to sustaining two felony convictions of either a crime of violence or a controlled substance offense.

Petitioner's sole claim for relief rests on the argument that the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), retroactively excludes his prior burglary conviction from being used to sentence him as a career offender under U.S.S.G. § 4B1.2(a) because the residual clause in the guidelines is unconstitutional. But the Supreme Court, in Beckles, directly repudiates this argument.

In Beckles, the Supreme Court addressed the constitutionality of the residual clause of § 4B1.2(a) of the Sentencing Guidelines. The Court distinguished the residual clause in the Sentencing Guidelines from the identically worded clause in the Armed Career Criminal Act,

which was found to be unconstitutionally vague in Johnson. Indeed, the Court found that "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause." 580 U.S. ___ (2017). Accordingly, the Court held "that § 4B1.2(a)'s residual clause is not void for vagueness."

Because the residual clause was held to be constitutional in Beckles, and because Petitioner's prior burglary conviction was considered a "violent felony" within the meaning of the residual clause, Kinder was constitutionally categorized as a career offender for purposes of the Sentencing a Guidelines. Since § 4B1.2(a)'s residual clause is constitutional, challenges to sentences enhanced under it are not cognizable on collateral review.

In light of Beckles, Petitioner's claim regarding § 4B1.2(a)'s residual clause is without merit and therefore his Motion to Vacate should be denied.

Accordingly, it is RECOMMENDED that the Petitioner's Motion to Vacate [R. 25] be DENIED IN FULL.

Signed June 1, 2017.



Signed By:
Edward B. Atkins  EBA
United States Magistrate Judge